## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MITCHELL HAINES, | : | Civil No. 1:21-CV-00801 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREL HARRY, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Justin Mitchell Haines ("Petitioner"). (Doc. 1.) For the reasons set forth below, the court will dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court adopts the facts as summarized by the Pennsylvania Superior Court in its March 2, 2021 decision affirming the denial of Petitioner's PCRA petition:

> In the early evening on February 8, 2015, Appellant left a bar where he had imbibed multiple alcoholic beverages and crashed his vehicle into one being driven by Kyle Quigley. Mr. Quigley was ejected from the vehicle and was later pronounced dead at Harrisburg Hospital. Amy Marburger, a passenger in Mr. Quigley's car, survived but sustained severe injuries. Subsequent testing of his blood requested after responding officers smelled alcohol on Appellant's breath revealed that Appellant, who had two prior convictions for driving under the influence ("DUI"), had a blood alcohol content of .25%.
>
> Appellant was charged with the following offenses: (1) third-degree murder; (2) aggravated assault; (3) homicide by vehicle while DUI; (4)

aggravated assault by vehicle while DUI; (5) homicide by vehicle; (6) aggravated assault by vehicle; (7) DUI-highest rate of alcohol, third or subsequent offense; (8) DUI-general impairment; (9) reckless driving; (10) careless driving; (11) careless driving-unintentional death; (12) careless driving-serious bodily injury; and (13) driving at an unsafe speed.

Prior to trial, Appellant moved to suppress the results of his blood test. The trial court granted suppression, the Commonwealth appealed, this Court remanded for a factual determination, the trial court again granted suppression, the Commonwealth again appealed, and this Court affirmed the suppression order based upon, *inter alia, Birchfield v. North Dakota,* 136 S. Ct. 2160 (2016), and *Commonwealth v. Ennels,* 167 A.3d 716, 724 (Pa.Super. 2017) (holding that consent for a blood draw is involuntary under *Birchfield* if it follows threatened enhanced punishment for refusal to consent). See *Commonwealth v. Haines,* 200 A.3d 563 (Pa.Super. 2018) (unpublished memorandum).

Thereafter, Appellant entered a negotiated guilty plea. Appellant agreed to plead guilty to homicide by vehicle while DUI, aggravated assault by vehicle while DUI, homicide by vehicle, aggravated assault by vehicle, DUI-general impairment, careless driving, and driving at an unsafe speed in exchange for an aggregate sentence of eight to sixteen years of imprisonment.

(Doc. 10-5, pp. 1–2.)[1] Petitioner was sentenced on June 28, 2019 in accordance with the plea agreement. (*Id.*, p. 3.) Petitioner did not file any post-sentence motions or a direct appeal. (*Id.*)

On November 22, 2019, Petitioner filed a pro se petition under the Post Conviction Relief Act ("PCRA") in the York County Court of Common Pleas. (*Id.*) He was appointment counsel, and subsequently his counsel filed a motion to

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).  (*Id.*) The PCRA court granted counsel's request and issued a noticed of its intent to dismiss the petition.  (*Id.*)  Petitioner did not file any objections.  (*Id.*)  The court dismissed the petition on February 12, 2020.  (Doc. 11)

Petitioner then filed a notice of appeal.  (Doc. 10-5, p. 3.)  There was some delay in Petitioner completing the court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal due to the Covid-19 lockdowns, but once filed, the PCRA court also filed their Rule 1925 filing.  (*Id.*, pp. 3–4.)  On March 2, 2021, the Pennsylvania Superior Court addressed Petitioner's three questions for review:

(1) Was the [PCRA court] in error when it stated that [Appellant's] claim that his guilty plea was illegally introduced because [he] failed to file a petition to withdraw and/or take a direct appeal on the matter?

(2) Was the [PCRA court] in error when it stated that the sentence given was legal and double jeopardy does not apply?

(3) Was the [PCRA court] in error when it stated that the counsel for [Appellant] was not in error for failing to argue the claim of double jeopardy in the sentencing aspects?

(*Id.*, p. 4.)  The Superior Court found that all three of Petitioner's arguments "hinge[d] upon a determination that the receiving sentences for both homicide by vehicle and homicide by vehicle while DUI violated his double jeopardy rights."

(*Id.*, p. 5.)  The Superior Court found that double jeopardy did not apply in this case and affirmed the denial of the PCRA petition.  (*Id.*, pp. 5–11.)  Petitioner did not seek an appeal before the Pennsylvania Supreme Court.  (Doc. 1, p. 5.)

Petitioner timely filed the instant petition for habeas corpus on April 29, 2021.  (*Id.*, p. 14.)  The court received the filing fee on May 10, 2021 and promptly provided Petitioner notice of limitations on filing future petitions under 28 U.S.C. § 2254.  (Docs. 4, 5.)  Petitioner confirmed that he wished to proceed and have the court rule on his petition.  (Doc. 6.)  Therefore, the court served the petition on Respondents on June 7, 2021.  (Doc. 7.)  Respondents filed a response on August 27, 2021, and the court received Petitioner's traverse[2] on October 15, 2021.  (Docs. 10, 14.)  Therefore, this petition is now ripe for the court's review.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d).  Petitioner was convicted and sentenced in York County, Pennsylvania,

---

[2] The court notes that Petitioner's traverse addresses ineffective assistance of trial counsel.  (Doc. 14.)  However, this was not raised in the petition.  (Doc. 1.)  Therefore, this will not be addressed by the court.  Additionally, the traverse attempts to shift liability onto the deceased driver of the other vehicle for not wearing his seatbelt and having a blood alcohol level of 0.05%.  (Docs. 14, 14-2, 14-3, 14-4.)  Again, the issue before the court is the sentence and conviction for the criminal activity of the Petitioner, as presented in the petition, and no other individual involved in the car accident.  Therefore, the court will not address the conduct of the other driver.

which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore, venue in this district is proper.

## STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings."  *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism.  *See Engle v. Isaac*, 456 U.S. 107 (1982).  "The States possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law."  *Id.*  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## DISCUSSION

Petitioner contends that his conviction and sentence violated the Double Jeopardy Clause.  More specifically, he contends that the homicide by vehicle and the homicide by vehicle-DUI sentences arose from a single criminal act, and he should not have received multiple punishments for that single criminal act. Petitioner has not, however, shown that he is entitled to a writ of habeas corpus on this basis.

The state court framed his challenge as a claim that his convictions for homicide by vehicle and homicide by vehicle-DUI should have merged for sentencing purposes under Pennsylvania law.  (Doc. 10-3, pp. 3–6; Doc. 10-5, p. 6–10.)

The Pennsylvania statute regarding merger provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa. C.S.A. § 9765.  There is a "close relationship between Pennsylvania's merger doctrine and federal double jeopardy jurisprudence[.]"  *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 229 (3d Cir. 2017).

The Double Jeopardy Clause of the Fifth Amendment, which provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const. amend. V, "is applicable to the States through the Fourteenth Amendment," *Benton v. Maryland*, 395 U.S. 784, 787 (1969).  The Clause protects against, among other things, "multiple punishments for the same offense imposed in a single proceeding." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (internal citations omitted). "To assess whether two crimes constitute the 'same offense' for double jeopardy purposes," *Wilkerson*, 871 F.3d at 230, courts use the *Blockburger* test, set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932).  "That is, 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"  *Wilkerson*, 871 F.3d at 230 (quoting *Blockburger*, 284 U.S. at 304).  "If this test yields 'only one' offense, 'cumulative sentences are not permitted, unless elsewhere specially authorized by Congress.'"  *Id.* (quoting *Whalen v. United States*, 445 U.S. 684, 693 (1980)).

"[T]he Pennsylvania Supreme Court imported this federal double jeopardy test into its merger doctrine under state law." *Id.* (citing *Commonwealth v. Anderson*, 650 A.2d 20 (Pa. 1994)). Applying the *Blockburger* test, "[t]he Pennsylvania Supreme Court explained that, when a defendant is charged with two crimes on the basis of the same criminal act, 'there is no difference between a double jeopardy analysis and a merger analysis' because 'the operative consideration in both is whether the elements of the offenses are the same or different.'" *Id.* (quoting *Anderson*, 650 A.2d at 23).

Here, although the state court addressed Petitioner's challenges as a merger claim, "the Pennsylvania state law doctrine invoked by [Petitioner] is based on Supreme Court case law and involves an analysis that the Pennsylvania Supreme Court has described as 'identical' to that governing a federal double jeopardy claim." *Wilkerson*, 871 F.3d at 230–31 (internal citation and footnote omitted). Thus, the court will proceed to the question whether the Pennsylvania Superior Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The Pennsylvania Superior Court examined Petitioner's claim by reviewing the statutory provisions pertinent to his challenged convictions. (Doc. 10-7, pp. 8–9.) Those provisions are 75 Pa. C.S.A. § 3735(a) and § 3732(a), which define the crimes of homicide by vehicle-DUI and homicide by vehicle. At the time of

Petitioner's offense and sentencing, § 3735(a), as noted by the Superior Court,

defined homicide by vehicle-DUI:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

75 Pa. C.S.A. § 3735(a) (effective February 1, 2004 to December 23, 2018); (Doc.

10-7, pp. 7–8.)  And § 3732(a) defined homicide by vehicle as:

> Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa. C.S.A. § 3732(a) (effective December 20, 2010 to January 2, 2017); (Doc.

10-7, p. 8.)  The Superior Court noted that Petitioner met the predicate of 75 Pa.

C.S.A. § 3735(a) with the offense of driving under the influence–general

impairment. and simultaneously met the predicate of 75 Pa. C.S.A. § 3732(a) with

the offenses of careless driving and driving at an unsafe speed.  (Doc 10-7, p. 10.)

The Pennsylvania Superior Court also set forth the merger test.  (*Id.*, pp. 6–

7.)  After noting that Petitioner's argument had been repeatedly rejected, the

9

Superior Court cited to *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa.Super.

2017), which held: "[T]he crimes of homicide by vehicle and homicide by vehicle-

DUI did not merge for sentencing purposes." (Doc. 10-7, p. 10.)  The Superior

Court relied upon the Pennsylvania Supreme Court decision in *Commonwealth v.*

*Collins*, 764, A.2d 1056 (Pa. 2001):

> Because of the mutually exclusive nature of the offenses, the same
> evidence could not possibly have satisfied the distinct elements of the
> two offenses. . . Appellant's characterization of his criminal conduct as
> "unsafe driving while intoxicated," paints the factual predicate with too
> broad a brush. Here, Appellant's driving while intoxicated (which
> resulted in death) satisfied the elements of homicide by vehicle/DUI,
> while his non-DUI Vehicle Code violations (which resulted in death)
> satisfied the elements of homicide by vehicle. The fact that the death of
> the same individual supported elements in both offenses does not
> warrant the merging of the sentences imposed when other mutually
> exclusive elements of the crimes remain.

(Doc. 10-7, p. 9.)  The Superior Court concluded that Petitioner's sentences for

homicide by vehicle-DUI and homicide by vehicle do not merge because not all

the statutory elements of one offense are included in the statutory elements of the

other.  (*Id.*)

The Superior Court appropriately applied what was in effect the *Blockburger*

test.  Because Petitioner has not shown that the Superior Court's opinion was

contrary to, or involved an unreasonable application of, clearly established Federal

law as required by 28 U.S.C. § 2254(d)(1), he is not entitled to habeas relief as to

his claim under the Double Jeopardy Clause.

10

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the resolution of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of

habeas corpus will be dismissed.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 2, 2023